ROSE L. MARION *et al., vs.* MARGARET S. ENGLISH *et al.*

JUNE 27, 1923.

PRESENT: Sweetland, C. J., Vincent, Stearns, Rathbun, and Sweeney, JJ.

*(1)   Conveyances.   Conservators.*

A conveyance of real estate by a person while her property was under the control of a conservator is void under Gen. Laws, cap. 321, §§ 11 and 37, and this is not affected by the fact that the final account and resignation of the conservator had been filed, since the conservatorship is not terminated until the entry of a decree to that effect.

BILL IN EQUITY.   Heard on appeal of respondents and appeal dismissed.

RATHBUN, J.   This is a bill in equity in which the complainants as heirs at law of one Catherine Marlin, deceased, seek to set aside conveyances made by said Catherine Marlin while her property was under the control of a conservator duly appointed by the Probate Court of the City of Pawtucket.   One of the respondents, Frank E. Nickerson,

who was the grantee in one of said conveyances, entered no appearance and a decree *pro confesso* was entered against him.   The other grantee was the grantor's husband Frank Marlin, who deceased intestate after the conveyance to him. The remaining respondents are his heirs at law.   The cause, so far as it was applicable to the latter conveyance, was heard on bill and answer by the Presiding Justice of the Superior Court who entered a decree declaring said conveyances to be null and void.   The cause is before us on the respondents' appeal.

On January 10, 1914, a petition was presented to said probate court representing that said Catherine Marlin was incapacitated by reason of advanced age to properly care for her proprety and praying for the appointment of a conservator of said property.   Thereafter, on February 11, 1914, said court, acting upon said petition, appointed the complainant Rose L. Marion conservator of the estate of said Catherine Marlin.   Said Marion duly qualified as conservator.   On July 16, 1916, the final account and resignation of said Marion as conservator were presented to said probate court.   Thereafter and before said account and resignation were accepted by said court the conveyances in question were made.

The conservatorship was not terminated until said court entered a decree to that effect and such a decree was not entered until after said conveyances were made.   Whether "a copy of the petition, with the order of notice thereon" or a copy of the decree appointing a conservator was recorded in the records of land evidence for the city in which the land was located does not appear: but it is not contended that Frank Marlin was ignorant of the fact that a conservator of his wife's property had been appointed before the conveyance was made to him.   As the conveyance in question was made during the time that the property, which was the subject of the conveyance, was under conservatorship, said conveyance is by reasons of the provisions of Sections 37 and 11 of Chapter 321, G. L. 1909, void.

Said Section 37 provides, in part, as follows: "Sec. 37. If a person by reason of advanced age or mental weakness is unable to properly care for his property, the probate court of the town in which he resides, upon his petition or the petition of one or more of his relatives or friends, may appoint a conservator of his property." . . . "Such conservator may be discharged by the probate court upon the application of the ward, or otherwise, when it appears that the conservatorship is no longer necessary. After the filing of such petition such person shall be under the same disability to contract, as a person, for whom an application for guardianship has been made, is under, by virtue of the provisions of section eleven."

Said Section 11 provides, in part, as follows: "If a guardian is appointed upon the petition, all contracts relative to, and sales and conveyances of, land made by the respondent after such record, and all other contracts, except for necessaries, and all gifts, sales, or transfers of personal property, made by the respondent after the first publication of notice of the petition and before the termination of the guardianship, shall be void."

The appeal is dismissed. The decree appealed from is affirmed and the cause is remanded to the Superior Court for further proceedings.

*Thomas L. Carty,* for complainants.
*James E. Brennan,* for respondents.